[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Mount Vernon, New York, on February 20, 1992. It is the second marriage for both. They have one child issue of the marriage, DONYELL VICTOR, born May 27, 1993. The wife has two other children by a previous marriage, and all three children reside with her in the family home at 151 Strawberry Hill Avenue, Stamford, Connecticut. The couple has been separated since September 1999. The husband resides in New York State with his mother.
The plaintiff wife ("wife") is forty-five (45) years old and is in apparent good health. She holds two Masters' degrees, one of which was acquired during the marriage. At the time of the marriage in 1992, she worked as a classroom teacher in the Bronx. She has held several jobs and is currently employed as a guidance counselor at Westhill High School in Stamford where she earns $57,000 per year. She participates in the Teacher's Retirement system, but is not fully vested. Health insurance is another benefit.
The defendant husband ("husband") is forty-eight (48) years old and also in apparent good health. He has had one year of college. At the time of the marriage, he was employed as a correction officer. According to the testimony of the wife, the husband left that position for disciplinary reasons. He has changed jobs frequently, in part due to the family's move to Rhode Island where the wife worked as a teacher while earning her second Master's degree and a move to Connecticut when the wife began work in Stamford. The husband testified that while he was unemployed, he took over some of the childcare duties. This was not contradicted by the wife. Currently he is employed a security guard in New York City where he earns about $24,000 per annum. There was no testimony regarding the status of his benefits package, if any.
The principal asset is the real property located at 151 Strawberry Hill Avenue, Stamford, which was purchased on December 9, 1996. Title was taken in the wife's name and that of her mother, Sarah James, who also currently resides there with the wife and her children. The property was purchased for $183,000 primarily with a mortgage of approximately $174,000, $5000 from the wife's mother, with the balance of the purchase price and closing costs in large measure coming from the wife, who liquidated some existing retirement funds to do so, principally the State of Rhode Island Teacher Retirement Account, which was accumulated during the marriage. The wife testified that she has carried the mortgage, taxes and insurance on the house since the date of purchase. This was not contradicted by the husband. She estimates the fair market value of the CT Page 387 real estate to be $300,000. It currently has a first mortgage with a balance of $165,000 and a second mortgage in the amount of $50,600 which she testified she took out to pay off an equivalent amount of family debt. Aside from two cars, which are both in the wife's name, the wife has some small savings and checking accounts, and two retirement accounts, one with the City of Stamford and the other with the State of New York, totaling $12,000. The wife claims that all the personal property has been divided. The husband claims that he still has a few items remaining at the former marital home, including a 40" TV. He would like one of the cars. The husband's financial affidavit shows approximately $23,000 in debts.
The wife's mother has placed her home in Mount Vernon in joint names with the wife. She testified that this was done for estate planning purposes. The husband makes no claim to this property.
Both parties agree that the marriage is no longer viable. However, both have radically divergent opinions as to how the breakdown occurred. The wife testified at length that the husband blames her for all of his troubles, and that the union was punctuated by his unpredictable verbal abuse, along with two instances of physical abuse. She has clearly been the principal breadwinner, and feels strongly that she has borne the burden throughout. Since the date of their separation in September 1999, the husband has provided virtually no financial support for the family. The husband minimizes and explains away the wife's claims of violence. He feels that he has tried hard to find meaningful employment. He claims that the wife controlled all the family finances, and until late in the marriage, he always gave her his check. He testified that he left his job in New York to find work in Stamford at the time the wife purchased the real estate. The court has been left with the impression that, throughout the marriage, the husband was made to feel that somehow he did not quite measure up. Nevertheless, the court finds the wife's testimony credible regarding the husband's behavior during the last couple of years that the parties were together. The court finds this to be the proverbial "straw" which broke the back of the marriage.
 FINDINGS
The Court, having heard the testimony of both parties and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-81, 46b-82, 46b-84 and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That it has jurisdiction. CT Page 388
 2. That the allegations of the complaint are proven and true.
 3. That the marriage of the parties has broken down irretrievably, and that while ample evidence exists that both parties have contributed to said breakdown, the primary cause of the breakdown is attributable to the husband.
 4. That the appropriate level of child support is $73.00 per week in accordance with the Child Support Guidelines.
 5. That while the wife was the principal financial contributor to the marriage, the husband did also contribute financially to the family.
 6. That given her age, education, and level of employment, the wife has a significantly greater ability than the husband to acquire assets and estate in the future.
 7. That the fair market value of the real estate at 151 Strawberry Hill Avenue, Stamford, Connecticut is $300,000; that there is an equity balance of $84,000, after the deduction of the first and second mortgages; and that since a portion of the purchase price came from marital assets, it would be equitable and appropriate that the husband share in this to some degree, and that this be done through a lump sum payment.
 8. That all or a portion of the retirement account with the City of Stamford in the wife's name were accumulated during the marriage of the parties; that it would be equitable and appropriate that the husband share in these funds to some degree; and that this be done through a lump sum payment.
 9. That the wife's interest in the real estate located at 13 Ninth Avenue South, Mount Vernon, New York, standing in the name of the wife and her mother is not subject to division as a marital asset.
 ORDER
CT Page 389
IT IS HEREBY ORDERED THAT:
 1. The marriage of the parties is hereby dissolved, and they are each hereby declared to be single and unmarried.
 2. The parties shall have joint legal custody of the minor child, DONYELL VICTOR, born May 27, 1993. The primary physical custody of the minor child shall be with the mother, subject to the reasonable, liberal and flexible visitation rights of the father. Initial visitation with the father shall be in accordance with the Custody Evaluation of the Family Division dated September 27, 2000. attached here as Exhibit A, and at such other times as the parties may agree. The parties shall consult with one another concerning all major issues involving the minor child, including but not limited to, health, education, and religious affiliation and training. In the event that parties are unable to agree upon any issue regarding custody and/or appropriate visitation, they shall first bring the matter to the Family Relations Office prior to a determination by the Court. The custody evaluation, previously sealed by this court on September 28, 2000, is hereby ordered unsealed.
 3. Commencing January 5, 2001, and weekly thereafter, the husband shall pay to the wife the sum of $73.00 as and for basic child support for the minor child. In the event that the child is still in high school upon reaching his eighteenth birthday, then in that event, any child support order shall continue until the child reaches the age of nineteen years or the first day of the first month following his graduation from high school, whichever shall sooner occur pursuant to Section 46b-84 (b) C.G.S.
4. Commencing January 5, 2001, the husband shall pay to the wife the sum of $1.00 per annum as and for periodic alimony, until the death of either party, the remarriage of the wife, or January 5, 2003, whichever shall sooner occur. Commencing January 5, 2001, the wife shall pay to the husband the sum of $1.00 per annum as and for periodic alimony, until the death of either party, the remarriage of the CT Page 390 husband, or January 5, 2003, whichever shall sooner occur.
 5. As to the real estate at 151 Strawberry Hill Avenue, Stamford, Connecticut, the wife shall have exclusive possession of the real estate, subject to the existing indebtedness, and she shall be responsible for the payment of all mortgages, liens. taxes, and insurance thereon. The wife (or her estate as the case may be) shall pay to the husband as and for a lump sum payment, the sum of TEN THOUSAND AND NO/100 DOLLARS ($10,000.00) upon her death, the sale or other transfer of title to the property (or any portion of it), a refinance of either or both of the existing mortgages, or the obtaining of new or additional financing, or five (5) years from the date of this Memorandum of Decision, whichever shall sooner occur. The wife shall execute a simple Promissory Note to the husband containing the usual language regarding the payment of reasonable attorneys fees and costs in the event of her default, and which shall not bear interest if paid on or before the end of such five year period, but which will carry simple interest at the rate of eight (8%) percent per annum thereafter until paid in full. Said Promissory Note shall be secured by a Mortgage Deed. Both the deed and note, together with a Conveyance Tax Form, shall be executed and delivered to the husband for recordation with the Town Clerk of Stamford within thirty (30) days from the date of this Memorandum of Decision. The: court hereby retains jurisdiction as to any issues which may arise regarding the implementation of this paragraph.
6. Personal property shall be divided as follows:
 A. The minor child's furniture shall remain in the wife's residence.
B. The remaining home furnishings (other than the child's furniture) shall belong to the wife with following exceptions which shall be the property of the husband: 40" TV and miscellaneous personal property stored in the garage at 151 Strawberry Hill Avenue, Stamford. The wife shall cooperate CT Page 391 with the husband so that he may have reasonable access to the premises to remove his belongings. If there is a restraining order or protective order in force, the husband shall be allowed to remove these items one time with a police escort, and those orders shall be amended accordingly. In the event of any dispute in this regard, the issue is hereby referred to Family Relations for resolution and recommendation.
 C. The wife shall be entitled to keep the 1998 Ford Expedition free and clear of any claims by the husband, subject to any outstanding indebtedness which she shall assume and for which she will indemnify and hold the husband harmless from any further liability thereon. The husband shall be entitled to the 1993 Ford Escort free and clear of any claims by the wife, subject to any outstanding indebtedness which he shall assume and for which he will indemnify and hold the wife harmless from any further liability thereon. Each party shall cooperate with the other regarding the execution of any documentation necessary to transfer title to and/or register same, which shall be completed within thirty (30) days from the date of this Memorandum of Decision.
 D. The wife shall be entitled to keep her bank accounts as shown on her financial affidavit free and clear of any claims by the husband.
 7. The wife shall be entitled to her interest in the City of Stamford/State of Connecticut Teacher Retirement Plan as well as the State of New York Teacher Retirement Plan free and clear of any claims by the husband.
8. The wife shall maintain and pay for health insurance for the minor child so long as the husband shall be obligated to pay child support, and for so long as it shall be an incident of her employment and available to her at reasonable cost. Un-reimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses for the minor child shall be divided by the parties, 25% by the husband and 75% CT Page 392 by the wife. The provisions of Section 46b.-84(e) shall apply.
 The wife shall promptly notify her employer as to the change of marital status and shall cooperate with the husband in obtaining continuation health insurance coverage as provided by state and federal law. The husband shall be responsible for the payment of any premiums due if he shall elect to obtain such coverage.
 9. Except as otherwise set forth herein, the parties shall each be responsible for the debts as shown on their respective financial affidavits, and they shall indemnify and hold each other harmless from any further liability thereon.
 10. The wife shall be entitled to claim the personal exemptions for the minor child of the state and federal income tax returns.
 11. Each party shall be responsible for their respective attorneys' fees and costs incurred in connection with this action.
 12. The husband shall complete the Parenting Education Course (or a substantially similar program in New York State which satisfies the requirements of Section 46b-69b C.G.S.) within three (3) months from the date of this Memorandum of Decision, and it is further ordered that he shall provide proof of completion thereof by filing such proof with the court. The court hereby waives the participation fee.
 13. The Court hereby orders an Immediate Wage Withholding Order pursuant to Section 52-362 C.G.S in order to secure the payment of its financial orders.
THE COURT
SHAY, J.